## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DALE BROWN**                                          **CIVIL ACTION**

**VERSUS**                                              **NO. 19-12033**

**DARRYL VANNOY, WARDEN**                               **SECTION "D"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual and Procedural Background

The petitioner, Dale Brown ("Brown"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On February 26, 2014, Brown and three co-defendants, Tramell LaFrance, Darrin Robin, and Shawn D. Ward, were charged by Bill of Information in Jefferson Parish with armed robbery.[3] Brown was charged in a second count with aggravated flight from an officer. On February 28, 2014, Brown entered plea of not guilty to both counts.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 5.

[3] St. Rec. Vol. 1 of 7, Bill of Information, 2/26/14. The Bill of Information was amended on August 18, 2014, to *nolle prosequi* the charge against Darrin Robin and on August 25, 2014, to amend the armed robbery charge against Brown regarding the pistol used in the armed robbery. *Id.*, handwritten notations dated 8/18/14, 8/25/14.

[4] St. Rec. Vol. 1 of 7, Minute Entry, 8/25/14.

The record reflects that, on January 5, 2014, Brelyn Harney was working at Circle K on Lafayette Street in Gretna, Louisiana.[5]  At one point, two men wearing masks walked in and approached her.  They told her to open the registers and, as instructed, she gave them the money.  They also took candy and cigarettes.  When they left Harney called 911, locked the front door, and waited for the police to arrive.

Gretna Police Lieutenant Donald McCoy was parked approximately two blocks away when he received the call.  He canvassed the area and noticed only one vehicle on the nearby streets.  He radioed Sergeant David Heintz to request assistance.  Sergeant Heintz used his sirens, blue lights, and flashing headlights in an attempt to get the car to stop.  The driver, however, drove through a red signal light and continued to drive away.  The car did not have its headlights on and reached speeds of over one-hundred miles per hour (100 mph) to evade the police officers.  The two officers followed the vehicle and Lieutenant McCoy caught up with the car when a tire blew out.  As the car slowed down, the occupants began throwing money out of the back window.  When the car slowed down enough, the driver, later identified as Brown, jumped out of the vehicle and the car rolled into a ditch and hit a tree.  While on foot, Brown charged towards Sergeant Heintz, who shot at him.  Brown fell to the ground, and despite the wound to his leg, he got up and jumped a chain-link fence.  Lieutenant McCoy chased Brown for a while and called for the K-9 unit.  Brown was eventually apprehended by the K-9 officers.

---

[5]The facts are taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Brown*, 173 So.3d 1262 (La. App. 5th Cir. 2015); St. Rec. Vol. 5 of 7, 5th Cir. Opinion, 15-KA-96, pp. 3-6, 9/15/15.

Brown was separately tried before a jury on August 25 and 26, 2014, and found guilty as charged.[6]  At a September 2, 2014 hearing, the Trial Court denied Brown's motion for a new trial.[7]  Brown thereafter waived legal delays, and the Court sentenced him that day to serve consecutive terms of seventy-five (75) years in prison at hard labor for armed robbery to be served without benefit of parole, probation, or suspension of sentence, and two (2) years in prison at hard labor for aggravated flight.[8]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Brown's appointed counsel asserted the following errors:[9] (1) the state trial court erred in accepting a non-unanimous verdict; (2) the state trial court imposed an excessive sentence when it ordered the sentences be served consecutively; and (3) trial counsel was ineffective when he failed to file a motion to reconsider the sentence.  In his *pro se* supplemental brief, Brown asserted three additional errors: (1) he was denied a fair trial by the prosecutor's impermissible closing arguments; (2) the state trial court erred when it permitted the prosecutor to impeach State witnesses and offer evidence of prior convictions without a limiting jury instruction; and (3) the evidence was insufficient to support the verdict.

On September 15, 2015, the Louisiana Fifth Circuit affirmed Brown's conviction finding that Brown's second *pro se* claim was procedurally barred from review by La. Code Crim. P. art.

---

[6]St. Rec. Vol. 1 of 7, Trial Minutes, 8/25/14; Trial Minutes, 8/26/14; Jury Verdict, 8/26/14; St. Rec. Vol. 4 of 7, Trial Transcript, 8/25/14; Trial Transcript, 8/26/14; St. Rec. Vol. 5 of 7, Trial Transcript (continued), 8/26/14.

[7]St. Rec. Vol. 1 of 7, Sentencing Minutes, 9/2/14; Motion for New Trial, 9/2/14; St. Rec. Vol. 5 of 7, Sentencing Transcript, p. 3, 9/2/14.

[8]St. Rec. Vol. 1 of 7, Sentencing Minutes, 9/2/14; St. Rec. Vol. 5 of 7, Sentencing Transcript, pp. 4, 7, 9/2/14.

[9]St. Rec. Vol. 5 of 7, Appeal Brief, 2015-KA-0096, 3/3/15.

841 for lack of a contemporaneous objection, and, alternatively, was meritless.[10]  The Court also found no merit in the remaining claims.

The Louisiana Supreme Court denied Brown's related writ application without stated reasons on October 10, 2016.[11]  Brown's conviction was final ninety (90) days later, on Monday, January 9, 2017,[12] because he did not file for review with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).  On April 7, 2017, the Louisiana Supreme Court also denied Brown's untimely-filed request for rehearing.[13]

On October 2, 2017, Brown signed and submitted to the state trial court an application for post-conviction relief asserting the following claims:[14] (1) counsel was ineffective for failing to introduce evidence relative to two, key, State witnesses; (2) prosecutorial misconduct occurred when the State knowingly failed to correct false testimony about plea agreements; and (3) counsel was ineffective for failing to investigate.

---

[10]*Brown*, 173 So.3d at 1262; St. Rec. Vol. 5 of 7, 5th Cir. Opinion, 15-KA-96, 9/15/15.

[11]*State v. Brown*, 207 So.3d 403 (La. 2016); St. Rec. Vol. 5 of 7, La. S. Ct. Order, 2015-KO-1872, 10/10/16; La. S. Ct. Letter, 2015-KO-1872, 10/14/15.

[12]The last day of the filing period was Sunday, January 8, 2017, which left the last day to fall on the next business day, Monday, January 9, 2017.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

[13]*State v. Brown*, 218 So.3d 108 (La. 2017); St. Rec. Vol. 2 of 7, La. S. Ct. Order, 2015-KO-1872, 4/7/17; St. Rec. Vol. 6 of 7, Request for Rehearing, dated 11/3/17.  As later will be discussed in more detail, La. S. Ct. Rule X § 1 requires that an application for rehearing be filed "before the fourteenth calendar day" after the mailing of the Court's ruling and no extension will be granted.  *See also*, La. S. Ct. Rule IX § 6.  Brown's request was submitted on November 3, 2016, which was twenty-three (23) calendar days after issuance of the Court's ruling.

[14]St. Rec. Vol. 2 of 7, Application for Post-Conviction Relief, 10/11/17 (dated 11/2/17).

Before the state trial court could address his application, on January 18, 2018, Brown also submitted a motion to vacate his sentence claiming he did not actually commit the armed robbery in the store.[15]  On February 1, 2018, the state trial court denied the motion as meritless.[16]

On March 28, 2018, after receiving the State's response, the state trial court denied Brown's application for post-conviction relief.[17]  The Court held that Brown's second claim was procedurally barred under La. Code Crim. P. art. 930.4(C) for failure to assert the claim on appeal. The Court also found no merit in the remaining claims under *Strickland v. Washington*, 466 U.S. 668 (1984), and related state case law.

On May 1, 2018, the Louisiana Fifth Circuit denied Brown's related writ application finding no error in the state trial court's ruling.[18]  The Louisiana Supreme Court denied Brown's subsequent writ application on April 22, 2019, citing *Strickland*.[19]  The Court also held that Brown failed to meet his burden of proof on the other claim.

While that matter was pending, on or about September 13, 2018, Brown filed another writ application with the Louisiana Supreme Court.[20]  On December 17, 2018, the Court declined to

---

[15]St. Rec. Vol. 2 of 7, Motion to Vacate an Illegal Sentence, 1/26/18 (dated 1/18/18).

[16]St. Rec. Vol. 2 of 7, Trial Court Order, 2/1/18.

[17]St. Rec. Vol. 2 of 7, Trial Court Order, 3/28/18; State's Response, 3/7/18.  The state trial court also denied Brown's related motion to amend and objections to the briefing orders issued.  St. Rec. Vol. 2 of 7, Trial Court Order(2), 2/1/18; Objection to Order, 1/29/18 (dated 1/18/18); Motion to Amend, 1/30/18 (dated 1/24/18).

[18]St. Rec. Vol. 7 of 7, 5th Cir. Order, 18-KH-227, 5/1/18; 5th Cir. Writ Application, 18-KH-227, 4/27/18.

[19]*State v. Brown*, 267 So.3d 1107 (La. 2019); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2018-KH-0855, 4/22/19; La. S. Ct. Writ Application, 18-KH-855, e-filed 5/22/18; St. Rec. Vol. 2 of 7, La. S. Ct. Letter, 2018-KH-855, 5/24/18.

[20]La. S. Ct. Letter, 2018-KH-1508, 9/13/18.  This writ application is not included in the record provided to the Court.

consider the writ application, because it was procedurally improper under La. S. Ct. Rule. X §5(b) for Brown's failure to first seek relief in the lower state courts.[21]

## II. Federal Petition

On August 13, 2019, after correction of certain deficiencies, the clerk of this Court filed Brown's federal petition for habeas corpus relief in which he asserts the following grounds for relief:[22] (1) the evidence was insufficient to support the verdict; (2) counsel was ineffective for failing to present evidence that the co-defendants were on a crime spree before they met up with petitioner; and (3) counsel was ineffective for failure to investigate other crimes committed by co-defendants to prove they were acting as a team without petitioner.

The State filed a response in opposition asserting that Brown's federal petition was not timely filed and should be dismissed for that reason.[23]

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to Brown's petition, which is deemed filed in this Court under the mailbox rule on August 5, 2019.[25]  The threshold questions on habeas review under the amended

---

[21]*State v. Brown*, 259 So.3d 337 (La. 2018); St. Rec. Vol. 2 of 7, La .S. Ct. Order, 2018-KH-1508, 12/17/18; La. S. Ct. Letter, 2018-KH-1508, 9/13/18.  This writ application is not included in the record provided to the Court.

[22]Rec. Doc. No. 3.

[23]Rec. Doc. No. 14.

[24]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court initially docketed Brown's deficient petition on August 5, 2019, when it was received by email, and it was filed August 13,

6

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Brown's federal petition was not timely filed under the AEDPA. Although the State's opposition contains calculation errors, the conclusion is correct.[26]  For the reasons that follow, Brown's federal petition was not timely filed and should be dismissed.

## IV.    <u>Statute of Limitations</u>

The AEDPA codified in 28 U.S.C. § 2244(d)(1)(A) requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[27]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As stated above, Brown's conviction was final under federal law on January 9, 2017, which was ninety (90) days after the Louisiana Supreme Court denied his post-appeal writ

---

2019, after correction of deficiencies and pauper status was granted.  The official stamp of the prison legal programs department indicates that the pleading was received from Brown on August 5, 2019, the same day the pleadings were electronically mailed to the Court for filing.  Rec. Doc. No. 1, pp. 16, 17; Rec. Doc. No. 5, pp. 16, 17; Rec. Doc. No. 2, p.1.

[26]For example, the State failed to recognize that January 8, 2017 was a Sunday and could not stand as the finality date.  This led to errors in the remaining calculations.

[27]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

application.  Pursuant to Section 2244, Brown had one year from that date, or until January 9, 2018, to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Brown's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

      A.    **<u>Statutory Tolling</u>**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Brown's case, the AEDPA filing period began to run on January 10, 2017, the day after his conviction was final under federal law. The one-year AEDPA filing period continued to run uninterrupted for 265 days until October 2, 2017, when he submitted his first state application for post-conviction relief. The one-year AEDPA filing period remained tolled from that date, through the pendency of Brown's related 2018 Louisiana Supreme Court writ application, which was denied on April 22, 2019.[28] The one-year AEDPA filing period began to run again the next day, April 23, 2019, and continued to run for the remaining 100 days until July 31, 2019, when it expired. Brown had no other properly filed state application for post-conviction relief or other collateral review pending in the state courts during these time periods.

---

[28]St. Rec. Vol. 1 of 4, Trial Court Order, 6/19/17; Notice of Intent, 6/16/17.

Brown had one other state court pleading which was not timely and/or properly filed and does not alter the calculation of finality of his conviction or the one-year AEDPA filing period.[29] On November 3, 2016, Brown submitted to the Louisiana Supreme Court a request for rehearing of his post-appeal writ application.  As aptly noted by the State, and discussed below, Brown's request for rehearing was not timely filed under La. S. Ct. Rule IX § 1 or procedurally proper under La. S. Ct. Rule IX § 6 and does not change the finality calculation.

The first Rule requires that an application for rehearing be filed "before the fourteenth calendar day" after the Court's underlying ruling and "no extension therefor will be granted."  La. S. Ct. Rule IX § 1.  Brown's request for rehearing was signed and submitted by him on November 3, 2016, which was twenty-three (23) calendar days after the Louisiana Supreme Court denied his post-appeal writ application on October 10, 2016.  The request for rehearing was not timely filed under the state court rules.

Under the second Rule, the Louisiana Supreme Court will not hold a rehearing on a writ application which, like Brown's, was merely denied.  La. S. Ct. Rule IX § 6 ("An application for rehearing will not be considered when the court has merely granted or denied an application …").  On October 10, 2016, the Louisiana Supreme Court simply "[d]enied" Brown's post-appeal writ application without stated reasons.  Thus, his request for rehearing was not procedurally proper.

---

[29]In its opposition, the State discusses two other pleadings improperly filed by Brown.  The first was the motion to vacate the sentence filed by Brown on January 18, 2018, and denied as not cognizable by the state trial court on February 1, 2018.  The second was the 2018 Louisiana Supreme Court writ application Brown filed on September 13, 2018, and which was "not considered" by the Court per the Order issued December 17, 2018.  Neither pleading warrants further discussion because, even if they were properly filed, the brief pendency of both pleadings was subsumed into the pendency of Brown's properly filed state application for post-conviction relief and his related writ applications pending from October 2, 2017, through April 22, 2019.

In *Wilson v. Cain*, 564 F.3d 702, 704-05 (5th Cir. 2009), the United States Fifth Circuit considered La. S. Ct. Rule IX §§ 1 and 6 as they relate to the finality of a state conviction under the AEDPA. The *Wilson* court ultimately held that a <u>timely</u> filed motion for rehearing in the Louisiana Supreme Court should be considered in determining when a petitioner's state conviction became final. *Id*. at 706; *see also Buniff v. Cain*, 349 F. App'x 3 (5th Cir. 2009). The Fifth Circuit later made clear that a pleading that is <u>not</u> timely filed under these Louisiana Supreme Court rules is <u>not</u> properly filed for purposes of the AEDPA and is <u>not</u> to be included in the finality calculation. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *see also Thomas v. Goodwin*, 786 F.3d 395, 398 n.5, 399 n.6. (5th Cir. 2015).

Applying these standards, it is clear that Brown's request for rehearing was procedurally improper in two ways and did not extend the finality of his conviction. First, unlike the petitioner in *Wilson*, Brown's request for rehearing was <u>not</u> timely filed under Rule X § 1. The request was signed and submitted by Brown on November 3, 2016, which was twenty-three (23) days after the Court's ruling. This was outside of the fourteen (14) days allowed by the Rule. In addition, Brown sought rehearing from a ruling that "merely denied" his post-appeal writ application. This is contrary to and not allowed by Rule IX § 6. His request for rehearing was <u>not</u> timely or proper for determining the finality of his conviction and was <u>not</u> a properly filed state court pleading to afford him any other tolling. *Accord Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (explaining that a state post-conviction application may "be *pending*, but not *properly filed*" for purposes of statutory tolling (emphasis in original)).

To reiterate, because Brown's request for rehearing filed November 3, 2016, was not properly or timely filed, Brown's conviction was final on Monday, January 9, 2017. The one-year AEDPA filing period began to run the next day and did so for 265 days without interruption until

October 2, 2017, when Brown submitted his state application for post-conviction relief. That proceeding remained pending through April 22, 2019, when the Louisiana Supreme Court denied his related writ application. The one-year AEDPA filing period began to run again on April 23, 2019, and did so for the remaining 100 days, until July 31, 2019, when it expired.

Brown's federal petition deemed filed under the mailbox rule on August 5, 2019, was filed five days after the AEDPA filing period expired on July 31, 2019. In addressing the mailbox rule as applied to Brown's federal petition, the State acknowledges, as does this Court, that the prison legal department stamped Brown's federal pleadings received from him on Monday, August 5, 2019, for electronic mailing to the court. The State indicates, however, that it is conceivable that Brown may have placed his federal pleadings in the prison mail system over the weekend or after the internal mail collection was made by prison officials on Friday, August 2, 2019.

The State submitted a letter from the prison's mail supervisor, Lieutenant Cindy Vannoy, who indicates that internal prisoner mail, like Brown's pleadings, is collected once a day each day between Monday and Friday.[30]  Lieutenant Vannoy stated that, if by chance Brown deposited the pleadings in the mail pickup box after the collection on Friday, August 2, 2019, or over the weekend, the pleadings would have been collected and delivered to the legal department on Monday, August 5, 2019.

Accepting this possibility, the State argues that, even if Brown deposited his pleadings in the mail box on Friday, August 2, 2019, his federal petition is still untimely, because the AEDPA filing deadline had already expired. Because the AEDPA filing period expired on July 31, 2019,

---

[30]Rec. Doc. No. 14-1.

before his even possibly depositing his federal petition, even cursory review of this issue is nugatory.

Whether deposited in the mail system on August 2 or August 5, 2019, and considered filed on either date under the mailbox rule, the one-year AEDPA filing period expired on July 31, 2019. Therefore, Brown's federal petition was not timely filed and should be dismissed with prejudice for that reason.

### B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Brown has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation.[31]

Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d

---

[31]The Court notes that Brown left blank the portion of his federal petition where he was to provide an explanation for his untimely filing, and he did not reply to the State's opposition response.  *See* Rec. Doc. No. 5, p.13.

596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Brown has made no such showing in this case, and he is not entitled to equitable tolling of the one-year AEDPA limitations period. His federal petition was not timely filed and should be dismissed with prejudice for that reason.[32]

---

[32]Brown has asserted no other excuse to avoid the expiration of the limitations period. He has not asserted his actual innocence and has brought no new, reliable evidence to meet the high burden set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Furthermore, the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), do not provide a basis for review of Brown's untimely filed federal petition or his ineffective assistance of trial counsel claims. In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17) (emphasis added). Neither is at issue in this case. The bar to review at issue here arises from Brown's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential

## V. <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Dale Brown's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[33]

New Orleans, Louisiana, this ___7th___ day of January, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* provide Brown's relief from the untimeliness of his federal petition.

[33]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.